UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LITTLEJOHN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES COUNTY SUPERIOR COURT,<br>JUDICIAL COUNCIL OF CALIFORNIA,<br>CALIFORNIA DEPT. OF STATE HOSPITALS,<br>LOS ANGELES COUNTY DISTRICT ATTORNEY OFFICE,<br>M.S.H-METROPOLITAN STATE HOSPITAL,<br>ATASCADERO STATE HOSPITAL,<br>LESLIE E. BROWN, Los Angeles County Superior Court, Superior Court Judge,<br>PATRICIA GUERRERO, The Judicial Council of California and Chief Justice,<br>STEPHANIE CLENDENIN, California Department of State Hospitals and Directors,<br>MICHAEL BARSOM, MSH-Metropolitan State Hospital and Executive Director,<br>JASON BLACK, ASH-Atascadero State Hospital and Executive Director,<br>GEORGE GASCON, District Attorney,<br>JANE DOE 1, Deputy District Attorney, and | Case No. 2:24-cv-03840-JWH-BFM<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

1  JOHN DOE 1, Deputy District
       Attorney,
2
             Defendants.
3

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, the records and files herein, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation. The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court **ACCEPTS** the recommendations of the Magistrate Judge with one exception.

The Judicial Defendants objected to the Report and Recommendation to the extent that it does not recommend the dismissal of the ADA and Rehabilitation Act claims alleged against the Superior Court, the Judicial Council, and the individual judges sued in their official capacities. The Court agrees that Judge Brown and Chief Justice Guerrero's judicial immunity extends to the official capacity claims, and, therefore, it **DISMISSES** those claims **with prejudice**. *See Duval v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 & n.5 (concluding that judicial immunity barred ADA and Rehabilitation Act claims against state court judge sued in his official capacity). Likewise, the Superior Court and the Judicial Council are entitled to judicial immunity because any claims against them are based upon Judge Brown or Justice Guerrero's conduct. *See Lund v. Cowan*, 5 F.4th 964, 972 (9th Cir. 2021) (affirming the dismissal of ADA claims brought against the Los Angeles Superior Court based upon a *respondeat superior* theory, because the state judge's judicial immunity extended to such claims). Accordingly, the ADA and Rehabilitation claims against all Judicial Defendants are **DISMISSED with prejudice**.

The objections of Plaintiff Edward Littlejohn to the Report and Recommendation, however, do not merit any changes to the Magistrate Judge's findings or recommendations. Littlejohn objects that he has plausible federal

claims.¹ Those objections are not responsive to the Report's thorough analysis that most of Littlejohn's claims are deficient in ways that cannot be cured by amendment.²

Littlejohn further objects that judicial immunity should not apply if a judge acts without jurisdiction.³ But the acts of which Littlejohn complains are judicial acts, taken by judicial officers while they were presiding over his case or while they were supervising the work of state court judges, for which those Judicial Defendants are immune.⁴ Thus, the Judicial Defendants are entitled to immunity to the extent they are sued in their individual capacities.⁵

Accordingly, the Court hereby **ORDERS** as follows:

1. The Report and Recommendation is **ACCEPTED**, with the exception described above.

2. Littlejohn's request for judicial notice of his previous federal *habeas corpus* petition and relevant state court documents is **GRANTED**.

3. The Judicial Defendants' Motion to Dismiss [ECF No. 87] is **GRANTED**, and Defendants Judge Leslie E. Brown, Chief Justice Patricia Guerrero, the Los Angeles Superior Court, and the Judicial Council of California are **DISMISSED with prejudice**.

4. The State Hospital and County Defendants' Motions to Dismiss [ECF Nos. 82 & 85] are **GRANTED in part** as follows:

---

¹ Pl.'s Notice of Objs. (the "Objections") [ECF No. 113] 2-4.
² Interim Report and Recommendation (the "Interim R&R") [ECF No. 110] 2.
³ Objections 5-6.
⁴ Second Am. Compl. [ECF No. 60] 3-4.
⁵ Interim R&R 19.

     a.    the Second Amended Complaint is **DISMISSED** in its entirety; and

     b.    all claims except for claims brought under the ADA or the Rehabilitation Act brought against the California Department of State Hospitals; the Metropolitan State Hospital; Atascadero State Hospital; the Los Angeles County District Attorney's Office; and individuals Stephanie Clendenin, Michael Barsom, Jason Black, former District Attorney George Gascon, and Doe Deputy District Attorneys to the extent that those individuals are named in their official capacities are **DISMISSED with prejudice**.

5.    The Motions of the State Hospital and County Defendants are otherwise **DENIED without prejudice**.

6.    No later than August 8, 2025, Littlejohn is **DIRECTED** to file a Third Amended Complaint remedying the deficiencies detailed herein. To be clear, any claim that has been dismissed with prejudice may *not* be reasserted in the Third Amended Complaint.

7.    The Clerk is **DIRECTED** to serve this Order on all counsel or parties of record.

**IT IS SO ORDERED.**

Dated: July 7, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-5-